# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 1, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

130125-7

CARRIER CREEK DRAINAGE DISTRICT,
       Plaintiff-Appellee,

v

                                           SC: 130125
                                           COA: 255609
LAND ONE, L.L.C.,                   Eaton CC: 03-000067-CC
       Defendant-Appellant.

_____/

CARRIER CREEK DRAINAGE DISTRICT,
       Plaintiff-Appellee,

v

                                           SC: 130126
                                           COA: 255610
ECHO 45, L.L.C.,                     Eaton CC: 03-000068-CC
       Defendant-Appellant.

_____/

CARRIER CREEK DRAINAGE DISTRICT,
       Plaintiff-Appellee,

v

                                           SC: 130127
                                           COA: 255611
LAND ONE, L.L.C.,                   Eaton CC: 03-000069-CC
       Defendant-Appellant,

and

STANDARD FEDERAL BANK, f//k/a
MICHIGAN NATIONAL BANK,
       Defendant-Appellee.

_____/

On November 13, 2006, the Court heard oral argument on the application for leave to appeal the November 3, 2005 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

YOUNG, J., concurs and states as follows:

I concur in the Court's decision to deny leave to appeal in this case. I believe the Court of Appeals interpretation of MCL 213.55(3) may be erroneous, but the Legislature recently amended the statute to cure any error that arose from the Court of Appeals opinion, 2006 PA 439, limiting the jurisprudential significance of this case. Moreover, defendant's offer of proof regarding the possibility of rezoning appears to have been insufficient to merit relief. Because of the limited jurisprudential significance and arguable deficiency in the proofs, there is no longer a need for this Court to intervene.

MARKMAN, J., joins the statement of YOUNG, J.

CAVANAGH, J., dissents and states as follows:

I disagree with this Court's decision to deny leave to appeal. While I agree with Justice Young that the jurisprudential significance of this case has indeed been limited because of the Legislature's recent amendment of the statute, I believe that the Court of Appeals improperly interpreted MCL 213.55(3) and that defendant was not required to file a written claim that the agency did not include the possibility of rezoning in the offer made for the property at issue. Thus, in light of the fact that this Court has already reviewed briefs and heard oral arguments on this matter, I believe that defendant should be afforded relief.

KELLY, J., joins the statement of CAVANAGH, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 1, 2006

_Corbin R. Davis_
Clerk

p1128